## In re VREELAND.
### Patent Appeal No. 2260.

Court of Customs and Patent Appeals.
April 4, 1930.

William B. Greeley, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the examiner in refusing to allow appellant's eighth claim in his application Serial No. 582,604, filed August 18, 1922. The application was for a patent on improvements in a receiving system for radiant energy. Said claim 8 is as follows:

"8. In a receiving system for radiant energy, a primary tuned circuit including a loop collector and a variable capacity, a secondary tuned circuit including an inductance and a similar variable capacity, and means for simultaneously varying the capacities of the two circuits while maintaining a constant ratio of their reactances equal to the ratio of inductances of the two circuits."

The Board of Appeals cites as a reference Hogan, Serial No. 1,363,319, dated December 28, 1920.

In the matter of appellant's application Serial No. 582,603, filed August 18, 1922, suit No. 2259, decided by this court concurrently herewith [39 F.(2d) 977], we held that appellant's system of two tuned circuits, with equal inductances and capacities, both tuned by a single means, was anticipated by the said patent to Hogan.

The only difference between the cited case and the case at bar seems to be that the appellant substitutes a loop collector or antenna for the collector shown in his said application Serial No. 582,603. We are unable to see in what respect this change differentiates the system from Hogan, and the antenna he describes. Whatever the capacity of the antenna 16 may be, as shown by Hogan, it is to be compensated for by the condenser 43. The same principle would hold true, whether the collector be a loop or some other form of collector. Because Hogan does not describe a loop, does not argue that therefore his system is different. He teaches similar compensating means, and therefore the appellant has invented nothing.

The decision of the Board of Appeals is affirmed.

Affirmed.